LOUIS W. SCHWARTZ v. RICE COUNTY CO-OPERATIVE EGG & POULTRY ASSOCIATION AND OTHERS.[1]

June 5, 1925.

No. 24,686.

**Demurrer of officials sustained and demurrers of other defendants overruled.**

Complaint by dealer in agricultural produce in action to restrain enforcement of section 26 of Co-operative Marketing Act of 1923 against him, *held* bad on demurrer because it omitted to allege that he had violated section 26 so as to be in danger of criminal prosecution, but demurrer of attorney general and county attorney should have been sustained as to violation of section 27, relating to civil remedies.   [Reporter.]

Action in the district court for Ramsey county. Its object is stated at the beginning of the opinion. From an order, Bechhoefer, J., overruling the separate demurrer of Clifford L. Hilton and Harry H. Peterson, and the demurrer of the other defendants, except Duluth Vegetable Growers Association, defendants other than Minnesota Wheat Growers Co-operative Marketing Association appealed. Order upon demurrer of co-operative associations affirmed; order upon demurrer of attorney general and county attorney reversed.

*Clifford L. Hilton,* Attorney General, *Victor E. Anderson,* Assistant Attorney General, *Harry ·H. Peterson,* County Attorney, and *Mitchell, Doherty, Rumble, Bunn & Butler,* for appellants.

*Lancaster, Simpson, Junell & Dorsey,* filed a brief as amici curiae.

*A. J. Hertz* and *Hubert Harvey,* for respondent.

PER CURIAM.

This action is brought by a dealer and broker in products which are or may be marketed by associations organized and operating under chapter 264, p. 333, L. 1923, known as the Co-operative Marketing Act, to enjoin the defendants co-operative associations and the defendants attorney general and the county attorney of Ramsey county from enforcing against plaintiff the penalties, damages and remedies of sections 26 and 27 thereof. A demurrer to the complaint interposed by the associations was overruled, and so was the demurrer interposed by the attorney general and county

[1]Reported in 204 N. W. 316.

attorney. By certificate that the questions involved were important and doubtful the trial court gave defendants the right to appeal.

The demurrer was correctly overruled as to section 27 on the authority of Minnesota Wheat Growers Co-op. Assn. v. Radke, supra, page 403, 204 N. W. 314, so far as the defendants the co-operative marketing associations are concerned. But under section 27 no cause of action was or could be stated as to the attorney general and the county attorney, for that section relates solely to civil remedies with which the prosecuting officers mentioned have nothing to do, and as to them the demurrer should have been sustained, unless the complaint states good grounds for enjoining those officials from enforcing section 26. That section is a penal statute and its enforcement devolves upon the officials referred to. The complaint does not allege that plaintiff has violated section 26, so as to be in danger of criminal prosecution. The general rule is that "a court of equity will not, by injunction, restrain the institution of criminal prosecutions, unless the prosecution involves some trespass upon property, or invasion of property rights, which will cause irreparable injury." Under this rule the complaint furnishes no better reasons for injunction than did the complaint in Cobb v. French, 111 Minn. 429, 127 N. W. 415, 137 Am. St. 546, 20 Ann. Cas. 717, or in Milton Dairy Co. v. G. N. Ry. Co. 124 Minn. 239, 144 N. W. 764, 49 L. R. A. (N. S.) 951. On the authority of those cases the demurrer of the attorney general and the county attorney should have been sustained.

The order upon the demurrer of the defendants the co-operative associations is affirmed, but the order overruling the demurrer of the attorney general and county attorney is reversed.